# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

BRANDEE BUTLER, *ET AL.*                    CIVIL ACTION

versus

                                            24-cv-162-SDD-EWD

LOUISIANA STATE PENITENTIARY, *ET AL.*

## RULING

This matter is before the Court on a Motion to Alter or Amend Judgment under Rule 59(e)[1] filed by Plaintiffs Brandee Butler ("Butler"), Tomeka Robinson ("Robinson"), and Kalob Jacquet ("Jacquet"), the surviving children of Eddie Williams, Jr. ("Williams" or the "Decedent") (collectively, "Plaintiffs"). Plaintiffs seek reconsideration of the Court's Order[2] dismissing this matter. Plaintiffs seek to alter or amend the Order under Rule 59(e), and they seek an additional opportunity to amend their Complaint.[3] Defendants the State of Louisiana, through the Louisiana Department of Public Safety and Corrections ("DPSC"), Louisiana State Penitentiary ("LSP"), Warden Timothy Hooper ("Warden Hooper"), Liz McGraw ("Chaplain McGraw"), Warden Nicholas Sanders ("Warden Sanders"), and the Louisiana Department of Health ("LDH") (collectively, "Removing Defendants") oppose.[4] Defendants Parish Forensics, L.L.C. ("Parish Forensics") and

---

[1] Rec. Doc. 34.
[2] Rec. Doc. 33.
[3] Rec. Doc. 34 at p. 1.
[4] Rec. Doc. 35.

Amelia Nakanishi ("Dr. Nakanishi") (collectively with Removing Defendants referred to as "Defendants") filed a separate Opposition.[5]

For the reasons which follow, Plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e)[6] shall be denied.

## I. FACTS AND PROCEDURAL BACKGROUND

On March 6, 2024, the Removing Defendants filed a Rule 12 Motion to Dismiss.[7] On March 19, 2024, Parish Forensics and Dr. Nakanishi also filed a Rule 12 Motion to Dismiss, to which Plaintiffs responded on April 1, 2024.[8] Plaintiffs failed to timely reply to the Removing Defendants' motion.

On April 2, 2024, Plaintiffs filed an *Ex Parte* Motion for Leave to File an Opposition to the Removing Defendants' motion.[9] On April 8, 2024, the Court denied Plaintiffs' motion without prejudice for failure to provide a reason for the untimeliness of their response and for failure to consult with Removing Defendants.[10] On that same date, Plaintiffs filed an Unopposed Motion for Leave to File an Opposition,[11] which the Court granted.[12] On April 9, 2024, Plaintiffs' filed an Opposition that included only a one-paragraph rebuttal to Removing Defendants' arguments to dismiss Plaintiffs' claims.[13]

---

[5] Rec. Doc. 36.
[6] Rec. Doc. 34.
[7] Rec. Doc. 8.
[8] Rec. Doc. 10.
[9] Rec. Doc. 18.
[10] Rec. Doc. 20.
[11] Rec. Doc. 21.
[12] Rec. Doc. 22.
[13] Rec. Doc. 23

On June 18, 2024, per the parties' Joint Status Report,[14] the Court issued a Scheduling Order, which established the deadline to amend the pleadings as June 21, 2024.[15] Plaintiffs never sought leave to amend.[16]

On December 2, 2024, the Court ruled on Defendants' motions, dismissed with prejudice Plaintiffs' federal claims, and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.[17] On December 23, 2024, Plaintiffs timely filed the instant Motion to Alter or Amend Judgment under Rule 59(e), seeking to vacate the Court's order, and to amend their Complaint.[18]

## II.   LAW AND ANALYSIS

### A. Relevant Standard

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.[19] A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[20] When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the

---

[14] Rec. Doc. 29.
[15] Rec. Doc. 31.
[16] Rec. Doc. 35 at p. 2.
[17] Rec. Doc. 33.
[18] Rec. Doc. 34. Plaintiffs do not substantively address any particular Defendant or claim and they do not separately address the respective motions in seeking relief. Instead, Plaintiffs challenge the Order in its entirety and refer to Defendants collectively.
[19] See Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing Schiller v. Physicians Res. Grp., Inc., 342 F.3d 563, 567 (5th Cir. 2003)).
[20] Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)

basis of all the facts."[21] A Rule 59(e) motion to alter a judgment "is an extraordinary remedy" that should be granted "sparingly."[22]

### B. Plaintiffs fail to meet the stringent standard to alter or amend under Rule 59(e).

Plaintiffs argue the Court committed manifest error, by dismissing their Complaint without giving Plaintiffs leave to amend their Complaint.[23] Plaintiffs, however, admit that they do not rely on an intervening change in controlling law, do not point to any newly discovered evidence previously unavailable, and do not provide evidence that the Defendants misled the Court by misrepresenting or withholding any evidence.[24] In fact, Plaintiffs' motion and memorandum in support consists mostly of the underlying facts and a general recitation of law.[25] Similar to their oppositions to the Rule 12 motions, Plaintiffs dedicate merely one paragraph of substantive argument stating in conclusory fashion that the Court committed manifest error of law.[26] Plaintiffs do not support their assertions in law or fact. Moreover, in one portion of the procedural background, Plaintiffs spend a paragraph referencing a record and docket numbers that simply do not exist in this case.[27]

Plaintiffs fail to establish that this Court committed any manifest errors of law or fact in dismissing their claims. Plaintiffs also do not present any newly discovered evidence, that the decision was manifestly unjust, or that there is a change in controlling

---

[21] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).
[22] *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 371 (5th Cir. 2024) (citing *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).
[23] Rec. Doc. 34-1 at p. 6.
[24] *Id.* at p. 8.
[25] Rec. Doc. 34-1 at p. 8.
[26] *Id.*
[27] *Id.* at pp. 6-7.

law.[28] Mere disagreement with the Court's Order is insufficient under Rule 59(e) standards.[29] Plaintiffs have not shown they are entitled to relief. Thus, the Court denies Plaintiffs' Motion to Amend or Alter the Judgment.[30]

### C. Plaintiffs' fail to establish good cause for the proposed modification.

Plaintiffs assert they should be allowed to amend.[31] The deadline to amend the pleadings was June 21, 2024.[32] Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired."[33] "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[34]

To assess good cause, a court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[35]

Plaintiffs admit that they never sought to amend to correct any deficiencies in response to Defendants' motions.[36] Even now, Plaintiffs offer no argument supporting an amendment or an out of time amendment.[37] Plaintiffs again fail to address any of the

---

[28] See Alexander, 867 F.3d at 597 (citing Schiller, 342 F.3d at 567); see also Templet, 367 F.3d at 479.
[29] See Sanford v. Kirst, 2024 WL 1315838, at *4 (M.D. La. Mar. 26, 2024) (citing Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993)).
[30] Rec. Doc. 34.
[31] Rec. Doc. 34-1 at p. 6.
[32] Rec. Doc. 31.
[33] S&W Enters., LLC v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).
[34] Id.
[35] Id.
[36] Rec. Doc. 34-1 at p. 5.
[37] Rec. Doc. 34.

deficiencies previously raised by Defendants or addressed by the Court.[38] Plaintiffs do not demonstrate they are entitled to amend. Thus, Plaintiffs' request for relief is denied.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Alter or Amend Judgment[39] under Rule 59(e) is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 15, 2025.

*Shelly D. Dick*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[38] Also, Plaintiffs conceded in their prior briefing that no federal claims were asserted against Parish Forensics or Dr. Nakanishi. Rec. Doc. 17 at pp. 3-4.
[39] Rec. Doc. 34.